```
                    UNITED STATES DISTRICT COURT
                FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

YVONNE M. SMITH,                    :
                                    :CIVIL ACTION NO. 3:13-CV-249
          Plaintiff,                :
                                    :(JUDGE CONABOY)
          v.                        :
                                    :
NORTHLAND GROUP, INC.,              :
CAPITAL ONE BANK (USA), N.A.,       :
and HSBC CARD SERVICES,             :
                                    :
          Defendants.               :
                                    :
_____

## **MEMORANDUM**

Here we consider Plaintiff's Motion to Remand filed on March 4, 2013. (Doc. 9.)  With this Motion Plaintiff requests the Court to remand the case to Magisterial District Court in Monroe County, Pennsylvania, on jurisdictional grounds and also requests an award of costs and attorneys' fees.  (*Id.*)  Plaintiff filed a Brief in Support of Plaintiff's Motion to Remand on March 18, 2013.  (Doc. 15.)  Defendant Northland Group, Inc., filed Defendant Northland Group Inc.'s Memorandum in Opposition to Plaintiff's Motion to Remand on April 1, 2013.  (Doc. 18.)  With the filing of Plaintiff's reply brief (Doc. 22) on April 16, 2013, this motion became ripe for disposition.  For the reasons discussed below, we conclude the Motion is properly granted in part and denied in part.

## **I. Background**

On February 1, 2013, this case was removed from Magisterial District Court in Monroe County, Pennsylvania, by Defendant Northland Group, Inc., with the consent of Defendants Capital One

Bank and HSBC Card Services. (Doc. 1 at 1.) Defendant Northland asserted the case is removable because the state court action alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq., a question of federal law. (Doc. 1 ¶¶ 3-4.)

The Civil Complaint filed in Monroe County on January 7, 2013, alleges the following:

> Defendants have harassed Plaintiff for a period of time, and have accused her of being delinquent on an account. Defendant Northland Group Inc., stated that they would provide information on the debt if requested. This information, requested by C. Daniel Higgins, Esq., the attorney for Plaintiff, was never provided. As of this time, Plaintiff has incurred legal fees of $1,200 which includes the filing of this Complaint. Plaintiff requests judgment against each of the Defendants in the amount of $3,000.

(Doc. 1-1 at 2.) The Civil Complaint contains no additional allegations and no identification of the legal theory or statutory provision under which Plaintiff proceeds. Plaintiff's supporting brief states that Defendants accuse her of being delinquent on her credit card account, alleging that she owes $373.52. (Doc. 15 at 1.)

## II. Discussion

### A. *Remand to State Court*

Plaintiff asserts that remand of this case is appropriate because her Complaint does not contain any specific allegations of violation of federal law. (Doc. 15 at 2.) We agree.

2

The removal of a state case to federal court is governed, in part, by 28 U.S.C. § 1441. Pursuant to § 1441(a), a case is removable to the federal district court embracing the place where the action is pending if the district court has original jurisdiction. Pursuant to 28 U.S.C. § 1331, the district courts have original jurisdiction over any federal claim arising under the Constitution, laws, or treaties of the United States. Courts generally determine removal jurisdiction based on the pleading on the state court docket at the time of removal, *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939), assuming as true all factual allegations in the complaint, *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). If the plaintiff's state court pleading contains a federal claim when the case is removed and the plaintiff later amends the pleading to eliminate the federal claim, the district court retains jurisdiction over the action. *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 n.6 (2007) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349-50 (1988)). If a case is improperly removed but the plaintiff amends the complaint to state a federal claim after removal, a district court can acquire subject matter jurisdiction. *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 297-98 (3d Cir. 2005) (citing *Pegram v. Herdrich*, 530 U.S. 211, 215 n.2 (2000)).

The party "who urges jurisdiction on a federal court bears the

burden of proving that jurisdiction exists." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Id.*

In addition to the general parameters set out above, abundant case law provides guidance for determining when a complaint contains a federal question. The United States Supreme Court has instructed that "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[1] *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First National Bank*, 299 U.S. 109, 112-13 (1936)). The Court adds that this rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." 482 U.S. at 392 (citing *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913) ("Of course, the party who brings a suit is master to decide what law he will rely upon"); *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced"). However, "[t]he state suit need not invoke a federal law in order to 'arise under' it for

---

[1] Attachments to the complaint are considered part of it. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 389 (3d Cir. 2002).

4

removal purposes. It is sufficient that the merits of the litigation turn on a substantial federal issue that is 'an element, and an essential one, of the plaintiff's cause of action.'" *U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 389 (3d Cir. 2002) (citing *Gully*, 299 U.S. at 112.) *Higgins* adds that

> [t]he controversy must be "genuine and present . . . not merely . . . conjectural." [*Gully*], 299 U.S. at 113 . . . . In short, the federal law "must be in the forefront of the case and not collateral, peripheral, or remote." *Merrell Dow*, 478 U.S. at 813 n.11 . . . ; *see also United Jersey Banks v. Parell*, 783 F.2d 360, 367 (3d Cir. 1986) (no federal question existed because right to relief under state law did not require resolution of a substantial question of federal law).

281 F.3d at 389. This guidance is to be considered in light of *Merrell Dow's* confirmation of the Court's "long settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." 478 U.S. at 813.

An "independent corollary" to the well-pleaded complaint rule is the "further principle that a 'plaintiff may not defeat removal by omitting to plead necessary federal questions.'" *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (quoting *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 22 (1983)). The "artful pleading" doctrine "requires a court to peer through what are ostensibly wholly state claims to discern the federal question lurking in the

5

verbiage." *Higgins*, 281 F.3d at 389 (citing *United Jersey Banks*, 783 F.2d at 367). If a court concludes that a plaintiff has "artfully pleaded" claims, it may uphold removal even if no federal claim appears on the face of the complaint. 522 U.S. at 475. The Third Circuit Court of Appeals explained that *Franchise Tax Board* identifies two situations where federal jurisdiction could be available even though a plaintiff bases claims contained in the complaint on state law: "when it appears that some substantial, disputed question of federal law is a necessary element of the well-pleaded state claims or . . . when it appears that plaintiff's claim is really one of federal law." *Goepel v. National Postal Mail Handlers Union,* 36 F.3d 306, 310 (3d Cir. 1994) (internal quotations omitted) (citing *United Jersey Banks*, 783 F.2d at 366; *Franchise Tax Bd.* 463 U.S. at 13). A state claim is "really one of federal law" if the "federal cause of action completely preempts the state cause of action." 36 F.3d at 310 (internal quotation omitted) (citing *Franchise Tax Bd.* at 24).

"[W]here a defendant's conduct gives rise to federal and state law violations and a plaintiff chooses not to raise federal claims in lieu of proceeding solely under state law, the artful pleading doctrine is inapplicable." *Byrd v. Frost*, Civ. A. No. 08-4949, 2008 WL 5412088, at *4 n.3 (E.D. Pa. Dec. 29, 2008). Because the artful pleading doctrine may raise difficult issues of federal-state relations, it should be applied with circumspection. *United*

*Jersey Banks*, 783 F.2d at 368. "An expansive application of the doctrine could effectively abrogate the rule that a plaintiff is master of his or her complaint." *Id.* (citing *Hunter v. United Van Lines*, 746 F.2d 635, 640 (9th Cir. 1984)).

Here it is Defendant Northland's burden to prove that jurisdiction exists. *See Boyer*, 913 F.2d at 111. In its Notice of Removal, Defendant Northland states "Plaintiff's State Court Action alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1962, et seq." (Doc. 1 ¶ 3.) Defendant Northland further states "[s]ince this case arises out of an alleged violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., defendant Northland may properly remove the State Court Action to this Court based on 28 U.S.C. § 1441(a)." (Doc. 1 § 6.)

These statements by Defendant Northland do not accurately reflect the text of Plaintiff's Complaint. (*See* Doc. 1-1.) Plaintiff's state court action does not allege a violation of the Fair Debt Collection Practice Act or any other specific statutory or common law basis for relief. (*See* Doc. 1-1.) However, we will not grant Plaintiff's Motion to Remand based on Defendant Northland's inaccurate representation of Plaintiff's Complaint. Rather, we will look to the jurisdictional arguments set out in Defendant Northland's brief in opposition to Plaintiff's motion.

Defendant Northland first argues that the Court has jurisdiction over this action because Plaintiff has plead a cause

of action that arises under federal law, namely the Federal Debt
Collection Practices Act ("FDCPA"). (Doc. 18 at 4.) As noted
above, Plaintiff's Complaint does not allege a violation of the
FDCPA.

Defendant Northland cites the following as the relevant
portion of the Complaint: "'Defendants have harassed Plaintiff for
a period of time, and have accused her of being delinquent on an
account. Defendant, Northland Group, Inc., stated that they would
provide information on the debt if requested. This information,
requested by C. Daniel Higgins, Esq., the attorney for Plaintiff,
was never provided.'" (Doc. 18 at 5 (quoting Doc. 1-1).)
Acknowledging that "Plaintiff's Complaint alleges an unidentified
cause of action" against Defendants, Defendant Northland concludes
that "[b]ased on her allegations, she has alleged a cause of action
under one or more provisions of the FDCPA." (Doc. 18 at 5.)

While it may be true that the FDCPA could potentially provide
Plaintiff with relief, it is also true that she could obtain relief
through state law remedies. As recognized by Defendant Northland,
Plaintiff's allegations may also constitute a cause of action under
state law, Pennsylvania's Fair Credit Extension Uniformity Act
("FCEUA"). (*See* Doc. 18 at 8 & n.1.) Citing *Mims v. Arrow
Financial Services, LLC*, 132 S. Ct. 740, 749 n.9 (2012), for the
proposition that "[e]ven when a right of action is created by state
law if the claim requires resolution of significant issues of

federal law, the case may arise under federal law for 28 U.S.C. § 1331 purposes" (Doc. 18 at 8), Defendant Northland does not show how Plaintiff's claim *requires* resolution of *significant* issues of federal law. Defendant Northland provides only conclusory statements in support of its argument: "It is clear the Plaintiff is attempting to prove a claim under the FDCPA, while at the same time, attempting to avoid federal jurisdiction" (Doc. 18 at 8); "Plaintiff's cause of action is based on a substantial question of federal law (i.e., whether there has been a violation of the FDCPA)" (*id.* at 8-9); "The federal question is both intrinsic and central to the plaintiff' cause of action . . . [and is] a necessary element of one of the well-pleaded claims" (*id.* at 9 (internal quotations and citations omitted)); and "Plaintiff seeks to recover by proving all of the elements of a private cause of action under the FDCPA" (*id.* at 9). In support of the last statement, Defendant Northland states in a footnote that "Section 2270.4(a) of the FCEUA provides, 'It shall constitute an unfair or deceptive debt collection act or practice under this act if the debt collector violates any of the provisions of the Fair Debt Collection Practices Act.' 73 P.S. § 2270.4(a)." (Doc. 18 at 9.) Although Defendant urges that these arguments show "the federal question is 'substantial' and creates federal question jurisdiction [and thus] this Court clearly has subject matter jurisdiction" (Doc. 18 at 9), the conlusory statements set out in support of

9

Defendant Northland's position simply do not meet its burden.

Furthermore, though Defendant Northland specifically notes that a section of a potential state cause of action references the FDCPA to determine what constitutes an unfair or deceptive debt collection act or practice (Doc. 18 at 9 n.2), courts have determined that such a reference does not give rise to federal question jurisdiction. In addressing a similar interaction between California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA") and the FDCPA, the United States District Court for the Central District of California reviewed other district and circuit court cases which have found that incorporation of provisions of a federal statute into a state statute (including the RFDCPA's incorporation of many provisions of the FDCPA) does not transform the state action into a federal claim or invoke federal policies to an extent that warrants federal question jurisdiction. *Ortega v. HomEq Servicing*, No. CV 09-02130 MMM (DTBx), 2010 WL 383368, at \*5 (C.D. Cal. Jan. 25, 2010) (citations and quotations omitted). Noting that "[a] claim does not present a 'substantial question' of federal law merely because a federal statute is an 'ingredient' of a state cause of action," 2010 WL 383368, at \*6, *Ortega* concludes, as we do here, that remand to state court is appropriate.

Defendant Northland next attempts to persuade the Court to apply the "artful pleading doctrine." (Doc. 18 at 9.) Defendant Northland asserts the doctrine applies because Plaintiff's "right to relief necessarily depends on resolution of a substantial question of federal law." (Doc. 18 at 9-10.) For the reasons

10

discussed above, we reject this argument.

## B. *Costs and Attorneys' Fees*

Plaintiff's Motion to Remand also seeks "an award of costs and fees upon remand of the case to state court." (Doc. 9 ¶ 8.) Plaintiff asserts she is entitled to costs and fees because no federal claims were alleged in the Complaint and she has made her claims under state law. (Doc. 22 at 4.) While we agree with the former, we do not agree the latter was clear from Plaintiff's Complaint in that she acknowledges her one-paragraph Complaint does not state the cause of action or particular statute under which she seeks relief. (Doc. 22 at 3.) In these circumstances, we conclude costs and attorneys' fees are not properly awarded.

## III. Conclusion

For the reasons discussed above, Plaintiff's Motion to Remand (Doc. 9) is granted in part and denied in part. The Motion is granted insofar as the case is remanded to Magisterial District Court 43-4-01, Docket No. CV-518-12 in Monroe County, Pennsylvania. The Motion is denied insofar as Plaintiff is not awarded fees and costs. This decision renders moot the Motion to Dismiss of Defendant HSBC Card Services, Inc. (Doc. 13.) An appropriate Order is filed contemporaneously with this Memorandum.

                                            S/Richard P. Conaboy
                                            RICHARD P. CONABOY
                                            United States District Judge

DATED: April 24, 2013 _____